IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | |
| ) | |
| CRAIG STANFORD EURY, JR., ) | Case No. 1:14-CR-39 |
| SARAH ELIZABETH FARRELL, and ) | |
| INTERNATIONAL LABOR ) | |
| MANAGEMENT CORPORATION, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**DEFENDANTS' JOINT REQUEST FOR DISCOVERY AND FOR DISCLOSURE OF ALL EXCULPATORY EVIDENCE AND INCORPORATED STATEMENT OF AUTHORITY**

Defendants Craig Stanford Eury, Jr., Sarah Elizabeth Farrell, and International Labor Management Corporation (collectively "Defendants"), by and through counsel and pursuant to Local Rule 16.1, Fed.R.Crim.P. 16, and the principles of Brady v. Maryland, 373 U.S. 83 (1963), and its progeny, respectfully moves for an order compelling disclosure by the government of any and all previously undisclosed matters, as more particularly described herein, pursuant to the authorities cited.

The government has provided documents and data to counsel for the Defendants, primarily in electronic form. Counsel have fully reviewed those materials. Because of the volume of materials, the complexity and document-intensive nature of this matter, and the importance of formally preserving the Defendants' discovery requests for the record, the Defendants hereby move for an order compelling disclosure by the government of any and all previously undisclosed matters, as more particularly described herein, pursuant to the authorities cited.

The Defendants request that the government allow the inspection and copying or

photographing by undersigned counsel of the following:

1. Reveal and disclose every transcription or recordation of any type of all statement(s) made by the Defendants, or by any person whom the Government contends is an agent of the Defendants. The Defendants further request that the Government reveal and disclose the substance of any oral statement made by the Defendants in response to questioning by any person then known by the Defendants to be a Government agent, regardless of whether the statement was made before or after arrest. With regard to the foregoing requests, the Defendants specifically contend that Fed. R. Crim. P. 16(a)(1)(A) encompasses statements of the Defendants that are made directly to an agent of the Government, or to a third party who then makes a statement to an agent of the Government in which the Defendants' remarks are attributed and included within the third party's statement. The Defendants further contends that any statement of an alleged co-conspirators or co-defendants concerning any activity connected with the crime(s) alleged in the above-styled indictment should be disclosed under Rule 16(a)(1)(A).

2. Reveal and disclose the nature, results and reports of any scientific tests, physical or mental examinations or tests, or measures or experiments made in connection with this case, whether completed or not, including, but not limited to, analysis of tape recordings or wiretaps, handwriting analysis, fingerprint comparisons and/or voice identifications. The Defendants also request that the Defendants or the Defendants' representative(s) be permitted to personally examine, inspect, and photograph all pieces of physical evidence that were obtained during the Government's investigation of this case and that have been scientifically examined on behalf of the Government. The Defendants further specifically reserve the right to move this Court to have a competent expert of the Defendants' own choosing perform scientific testing on any of the physical evidence scientifically examined by the Government if the Defendants deem it desirable

or necessary, under appropriate and reasonable safeguards imposed by the Court.

3. Permit the Defendants' attorney(s) to inspect and copy or photograph <u>all</u> books, papers, documents, photographs, videotapes, motion pictures, mechanical or electronic recordings, buildings and places, crime scene(s), or tangible objects, and all copies and portions thereof which are within the possession, custody, or control of the Government and which are material to the preparation of the Defendants' defense, or might possibly be used by the Government as evidence during the presentation of its case-in-chief or its rebuttal case, or which were obtained from or belong to the Defendants.

4. Reveal and disclose a complete and exact copy of the Defendants' entire criminal record, both as an adult and a juvenile.

5. Reveal and disclose whether there has been any electronic surveillance, eavesdropping, interceptions of communications, wiretapping, listening, or any similar investigative techniques used in the investigation of this case. If such techniques have been used, the Defendants request that the Government provide the Defendants' attorney(s) with a true, complete and correct copy of any such recordings or interceptions, together with an accurate transcript thereof, and with any log reflecting the date that the recordings or interceptions were made, the names of the government agents who participated in the recordings or interceptions, and the identity of all speakers on the recordings or interceptions.

6. Reveal and disclose whether any conversation entered into by the Defendants has been electronically recorded. If so, the Defendants specifically request the following:

   a. An exact and complete copy of such tape or recording;

   b. The authority for making such interception or recording; and

   c. The date that the recording was made and the identity of all speakers therein.

7. Reveal and disclose the date, place, circumstances, and names of all individuals involved in any identification procedures (photographic, corporeal, or any other type), interrogations, searches, or seizures of any type that were conducted in connection with the investigation of this case.

8. Reveal and disclose any evidence that the Government has within its possession, custody or control, or the existence of which is known, or can become known through the exercise of due diligence, to the Government, concerning any identification procedure, interrogation, search, or seizure conducted by the Government, its agents, or employees that tends, however slightly, to taint or make illegal the identification procedure, interrogation, search, or seizure.

9. Reveal and disclose the names, addresses, telephone numbers, backgrounds, and criminal records of all witnesses to be presented on the witness stand during the trial of this case by the Government.

10. Reveal and disclose the names, addresses, telephone numbers, backgrounds, and criminal records of all persons who have any knowledge whatsoever regarding this case and/or were interviewed by any governmental employee or agent in connection with this case.

11. Reveal and disclose whether any person has been videotaped in connection with the investigation of this case.

12. Reveal and disclose the names, addresses, background, and entire criminal record of any informants, special employees, alleged co-conspirators (whether indicted or unindicted), alleged accomplices, (whether indicted or unindicted), alleged aiders and abettors (whether indicted or unindicted), and special investigators used in the investigation of this case or who may be called as witnesses by the Government during any phase of the trial of this case, and

reveal and disclose the same information regarding any persons hired, directed, requested, and/or paid by the Government to investigate, "snoop," or otherwise obtain information in any manner whatsoever in the investigation of this case.

13. Produce a copy of any Department of Labor, Internal Revenue Service, State Department, Federal Bureau of Investigation, Drug Enforcement Administration, or other investigative agency departmental rules or regulations pursuant to which any informant, special employees, alleged co-conspirator (whether indicted or unindicted), alleged accomplice (whether indicted or unindicted), alleged aider and abettor (whether indicted or unindicted), or snoop was hired, employed or requested to participate in the investigation of this case.

14. Disclose the total amounts of money paid out to any informant, special employee, alleged co-conspirator (whether indicted or unindicted), alleged accomplice (whether indicted or unindicted), alleged aider and abettor (whether indicted or unindicted), tipster, or snoop who was interviewed in connection with this case or who may be called as a witness by the Government during any phase of the trial of this case, together with the dates of payment, where made, to whom made, and the reasons for payment of such sums. This request specifically embraces any payment made under any witness protection program. The Defendants further request the disclosure of all receipts, vouchers, or other books and records concerning money expended for, to, or on behalf of the above class of persons.

15. Reveal and disclose all transcriptions of any kind, whether recorded or written, regarding any conversations with, discussions with, or statements made by informants, special employees, alleged co-conspirators, (whether indicted or unindicted), alleged accomplices, (whether indicted or unindicted), alleged aiders and abettors (whether indicted or unindicted), tipsters, or snoops of the Government who have been involved in any manner whatsoever in the

investigation of this case or who may be called as a witness during any phase of the trial of this case.

16. State the names and classifications of any and all Department of Labor, Internal Revenue Service, State Department, Federal Bureau of Investigation agents, Drug Enforcement Administration agents, Department of Justice attorneys, or other Government employees who met with, talked to, or were present at any meeting, telephone conversation, or discussion held with any informant, special employee, or snoop, of the Government during the investigation of this case.

17. Reveal and disclose all expert conclusions and analysis concerning any records, papers, documents, or physical evidence that may have been seized or obtained by the Government in connection with its investigation of this case.

18. Reveal and disclose the name, address, and qualifications of any expert witness intended to be called by the Government during either its case-in-chief or its rebuttal.

19. Produce immediately all statements, memoranda, and/or documents producible under 18 U.S.C.A. § 3500.

20. Produce a copy of all original notes, statements, and memoranda (whether handwritten, recorded, or otherwise) that were made by any and all agents of the Government investigating this case, including any person who was acting as an informer, special employee, tipster, snoop, or in an undercover capacity.

21. State and reveal whether any notes, documents, or recordings relating to the investigation of this case that were made by any agents of the Government, including any person who was acting as an informer, special employee, alleged accomplice (whether indicted or unindicted), alleged co-conspirator (whether indicted or unindicted), tipster, snoop or in any

undercover capacity, have been totally or partially destroyed or altered, and, if so, reveal the following with reference thereto:

    a.    The substance of the note, document, or recording that was destroyed;

    b.    The substance of the alteration;

    c.    The name, address, and telephone number of all persons involved in the destruction or alteration;

    d.    The reason for the destruction or alteration;

    e.    Whether the note, document, or recording was destroyed or altered pursuant to an existing policy, or federal regulation or for some other reason;

    f.    When the destruction or alteration occurred; and

    g.    Whether it is the policy and custom of such agent(s) to destroy or alter such notes and memoranda and, if so, who initiated such policy.

22. Reveal and disclose whether any person in connection with the Government's investigation of this case has been given a polygraph examination; and, if so, list the name of the person(s) examined, the name and address of the operator, and the date of the examination, and furnish the Defendants with a copy of the questions and answers posed and the results and interpretation thereof.

23. Reveal and disclose any information or knowledge in the hands of the Government that would in any manner show that any of the Government's potential witnesses may be suffering from delusion, emotional difficulty, alcoholism, narcotics addition, the abuse or use of controlled substances of any type, psychological or psychiatric imbalance, or any other physical or mental disability that might possibly affect, impair, or influence the quality of competency of his or her testimony or that in any way could reasonably affect his or her credibility or memory.

24. Reveal and disclose whether any person who has been interviewed in connection

with this case has undergone hypnosis, age regression, or a similar procedure; and, if so, list the name of such person, the date that he or she underwent the procedure, the name and address of the hypnotist or psychologist administering the procedure, and the results thereof.

25. State whether any Government agent or any one acting at the direction or behest of the Government (be he designated as informant, special employee, snoop, prison inmate or otherwise) has communicated with the Defendants in order to attempt to obtain any information or facts from the Defendants pertaining to this case or his defense thereof; and if so, give the name, address and telephone number of such agent, informant, special employee, snoop, or prison inmate, together with all of the facts and circumstances pertaining thereto.

26. State whether the Government has paid money or the like for any piece of tangible or physical evidence that may be used in connection with this case, and, if so, state the name, address, and telephone number of the person to whom payment was made; the amount thereof; the date thereof; and the tangible or physical evidence obtained.

27. As to all persons who will testify for the Government during its case-in-chief or its rebuttal case, or whose testimony has been used before the grand jury to obtain the present indictment, or whose sworn testimony or statements may be used in this trial, or who has been contacted with regard to the investigation of this case, the following specific and detailed information is requested:

    a.    The existence, substance, and manner of execution or fulfillment of any promises, agreements, understandings, and arrangements, either verbal or written, between the Government and any such person or his or her attorney(s), agent(s), or representative(s) wherein the Government has agreed, either expressly or impliedly, as follows:

        i.  not to prosecute the person for any crime or crimes;

        ii.  not to prosecute a third party for any crime or crimes;

8

     iii. to provide a formal grant of statutory immunity or to provide an informal assurance that the person will not be prosecuted in connection with any testimony given by him or her;

     iv. to recommend leniency in sentencing or to recommend a particular sentence for any crime or crimes for which the person is convicted;

     v. to provide favorable treatment or consideration – that is, money or the like – to the of person or to friends or relatives of the person in return for the person's cooperation and testimony;

     vi. to compromise or diminish, or to recommend the compromise or diminution of any federal, state or local taxes which the person or friends or relatives of the person owe or claim to owe; and

     vii. to make any other recommendation of any benefit, however slight, or to give any other consideration to the person or to friends or relatives of the person.

28. Reveal and disclose whether the Government has made any attempt or has in fact gained any information from the Defendants since the return of the above-styled indictment by sending, counseling, or advising persons (whatever their classification may be) to talk with the Defendants or their counsel, and, if so, describe all of such activity in detail and the authorization, if any, for such a procedure.

29. Permit the Defendants to copy any document or statement that might be arguably admissible under Fed. R. Evid. 801(d)(1)(B) to rebut an express or implied charge against any Government witness of recent fabrication or improper influence or motive. These documents or statements are required to be produced because they are evidence that the Government may attempt to introduce in this case and because they are material to the preparation of the defense as to the method of defense and as to the Defendants' approach to the issue of credibility. This request includes any document that might reasonably be foreseen for use during the Government's case-in-chief or its rebuttal case.

30. Pursuant to Fed.R.Crim.P. 16(a)(1)(A), the Defendants request the production of

the recorded testimony of any witness who appeared before the grand jury and who:

    a.    was, at the time of his testimony, so situated as an officer or employee of the Defendants as to have been able to legally bind the Defendants with respect to conduct constituting the offense(s) at issue in this case, or

    b.    was, at the time of the offense(s), personally involved in the alleged conduct constituting the offense(s) and so situated as an officer or employee as to have been able to legally bind the Defendants with respect to the alleged conduct in which the witness was involved.

If the testimony of any such person was not recorded, then the Defendants request the production of any notes or summaries of the testimony of the witness.

31. Reveal and disclose any statements of any type whatsoever made by any individuals who were contacted in connection with or involved in the investigation of this case that may be inconsistent, in whole or in part, with any other statement made by the same individual; and any statements made by such individuals that are inconsistent, in whole or in part, with any statements made by other individuals who have given statements relevant to the charge(s) against the Defendants or with any knowledge held by such individuals.

32. Reveal and disclose:

    a.    The names, addresses and telephone numbers of all witnesses appearing before the grand jury in connection with the return of the indictment;

    b.    The names, addresses, and telephone numbers of all persons whose testimony was given to the grand jury by or through someone else in connection with the return of said indictment;

    c.    Copies of all documents and exhibits presented to the grand jury;

    d.    Transcripts of the testimony of all witnesses appearing before the grand jury, and, if no transcripts or minutes exist, then reveal and disclose any notes or summaries regarding the testimony;

    e.    Summaries and copies of all statements of witnesses potentially relevant to the charge(s) in issue in this case that were not presented or conveyed to the grand jury;

    f.    Copies of all documents, notes, transcripts, or memoranda that are in the

10

possession, custody, or control of the Government and are potentially relevant to the charges in the indictment, and which the Government did not present to the grand jury at the time that this case was presented for grand jury consideration;

g.  A list of the names and titles of all Government employees or other persons, other than the grand jurors, who were present in the grand jury room during the taking of any testimony (other than his or her own) or who were present during any other portion, including deliberations, of the grand jury proceedings.

h.  A list of the names and titles of each Government employee or agent who, prior to the return of the indictment herein, examined out of the grand jury's presence any witness, document, or other item obtained by means of any grand jury subpoena;

i.  A copy of any letter or other document authorizing the examination of the grand jury materials by any of the Government employees or agents mentioned above;

j.  A list of all grand jury subpoenas issued for documents and/or testimony in this case;

k.  The existence of any orders issued pursuant to Fed. R. Crim. P. 6(e) relating to grand juries that met concerning this matter;

l.  The name of any person offering any immunity, whether legally valid or not, of any type whatsoever to any person requested to appear before the grand jury or to talk with any Government agent or representative involved in the investigation of this case;

m.  The transcripts of any and all statements made to the grand jury by any United States Attorney, Assistant United States Attorney, or other prosecutorial official associated with the prosecution of this case or the presentation of evidence to the grand jury in this case. This request concerns, but is not limited to, any instructions regarding the law relevant to this case or pertaining to legal advice that were given by the aforementioned class of persons; and

n.  All records and logs reflecting when any grand jury involved in the investigation of this case or in the handing down of the bill of indictment in this case met, and all records and logs reflecting the composition of each such grand jury (or grand juries).

33.  Reveal and disclose all consideration or promises of consideration given to or on behalf of any witness by the Government, or expected or hoped for by the witness. "Consideration" refers to absolutely anything of value or use, including, but not limited to, criminal, civil, or tax immunity grants; relief from forfeiture; assistance or favorable treatment or

recommendations with respect to any criminal, parole, probation, civil, administrative or other legal dispute with the Government or any other parties; payments of money or fees; witness fees and special witness fees; provisions of food, clothing, shelter, transportation, or other like benefits to the witness, his or her family or other associate; placement in a witness protection program or anything else that could arguably reveal an interest or bias of the witness in favor of the Government or against the defense or act as an inducement to testify or to color testimony.

34. Reveal and disclose all threats and coercive tactics of any type directed at any person interviewed by the Government in connection with this case or at any witness or potential witness for the Government in this case.

35. Reveal and disclose all threats, express or implied, made against any person interviewed by the Government in connection with this case or any potential witness for the Government in this case of criminal prosecutions or investigations relating to any probationary or deferred prosecution status or any civil, administrative, or other pending or potential legal disputes or transactions with the Government.

36. Reveal and disclose the existence and identification of each occasion on which each potential witness for the Government has testified before any court, grand jury, or other tribunal or body with regard to the Defendants or the investigation of this case.

37. Reveal and disclose the existence and identification of each occasion in which a witness or potential witness for the Government, especially a witness who is an accomplice, co-conspirator or expert, has testified before any court, grand jury, other tribunal, stenographer, or court reporter.

38. Reveal and disclose any and all personnel files for any witness who may potentially be called by the Government in this case and the existence and identity of all

12

Government files for the witness.

39. Reveal and disclose any and all records, criminal or otherwise, or information that can arguably be helpful or useful to the defense in impeaching or otherwise detracting from the probative force of any potential Government witness or of the Government's evidence, or that can arguably lead to any records or information that might be used to so impeach.

40. State whether any information, irrespective of how remote or inconsequential it may seem to be, has been obtained by the Government from the Defendants, the Defendants' attorney(s), or such attorney(s)' agents that might arguably or potentially be in violation of the attorney/client privilege. If the answer to this inquiry is in the affirmative, state in detail how this information was obtained and the names, addresses, and telephone numbers of all Government representatives involved in obtaining this information.

41. State whether the Government or any of its agents or attorneys has attempted to obtain information from any potential witness arguably in violation of the attorney/client privilege in connection with the investigation of this case. If the answer to this inquiry is in the affirmative, state in detail when, where and how such attempt took place and the names, addresses and telephone numbers of all individuals involved in the attempt.

42. Reveal and disclose all evidence of transactions or conduct of the Defendants and their agents, any co-defendants and his or her agents, or any alleged co-conspirator and their agents that is not the subject matter of the indictment in the instant case, but which the Government might offer as evidence on the question of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

43. Reveal and disclose all recorded, written, or oral statements made by any alleged coconspirators or co-defendants of the Defendants in this case, whether incriminating or

13

otherwise.

44. Reveal and disclose any evidence or information obtained in connection with the investigation of this case that establishes the Defendants' good character or their lack of reputation for committing the act(s) that constitute the crime(s) in question in this case.

45. Reveal and disclose any evidence or information tending, however slightly, to link the commission of the crime(s) in question in this case to someone other than the Defendants.

46. Reveal and disclose any and all evidence seized or secured from the Defendants or from any other individual or from any location or premises at any time that the Government may possibly attempt to introduce into evidence during any phase of the trial of this case. This request includes, but is not limited to, all evidence seized or secured from the Defendants' persons or from any other individual's person or from any locations or premises during an arrest of the Defendants or any other person; all evidence seized or secured from the Defendants' persons or from any other individual's person or from any locations or premises during any other type of search, whether conducted pursuant to a warrant or otherwise. This request also applies to any seizure, regardless of how temporary or permanent it may have been.

47. Reveal and disclose any and all evidence of any type which the Government is aware of, or which the Government could become aware of by the exercise of reasonable diligence, which indicates that any of the individuals whom it has interviewed, debriefed, or contacted in connection with the investigation of this case or who may be called as a witness by the Government during any phase of the trial of this case has been involved, however, remotely, in any criminal conduct, at any time up to the present date, whether or not such conduct resulted in criminal charges being brought against the individual. This request applies to, but is not

14

Case 1:14-cr-00039-JAB   Document 17   Filed 02/19/14   Page 14 of 18

limited to, any and all informers, special employees, alleged accomplices (whether indicted or unindicted), alleged conspirators (whether indicted or unindicted), alleged aiders and abettors (whether indicted or unindicted), tipsters, snoops, or individuals acting in any undercover capacity who may testify in this case or who possess information that is relevant or related to this case, as well as to all other individuals of any type who were involved in any manner, regardless of how remote it may be, in the investigation of this case.

48. Reveal, disclose, and allow the inspection and photocopying of any and all toll records of any type whatsoever that allegedly reflect conversations that the Defendants had with any person whatsoever, including, but not being limited to, all persons who have acted in any capacity as an informant, special employee, alleged co-conspirator (whether indicted or unindicted), alleged accomplice (whether indicted or unindicted), alleged aider and abettor (whether indicted or unindicted), tipster, snoop, or investigator in this case or who may be called by the Government as a witness during any phase of the trial of this case.

49. Reveal, disclose, and allow the inspection and photocopying of any and all search warrants and underlying affidavits that concern or were directed at any individual who has acted in any capacity as an informant, special employee, alleged co-conspirator (whether indicted or unindicted), alleged accomplice (whether indicted or unindicted), alleged aider and abettor (whether indicted or unindicted), tipster, snoop, or investigator in this case, or who may be called as a witness by the Government during any phase of the trial of this case. This request applies to all search warrants — whether executed or unexecuted — that have existed at any time.

50. Reveal, disclose, and allow the inspection and re-recording or photocopying of any and all mechanical or electronic recordings or transcriptions thereof that involved any individual who has acted in any capacity as an informant, special employee, alleged co-

conspirator (whether indicted or unindicted), alleged accomplice (whether indicted or unindicted), alleged aider and abettor (whether indicted or unindicted), tipster, snoop, or investigator in this case or who may be called as a witness by the Government during any phase of the trial of this case. This request is not limited to mechanical or electronic recordings or transcripts thereof that involve the Defendants, but seeks the disclosure of all recordings or transcripts or any type that involve the aforementioned class of persons.

51. Reveal and disclose any and all inculpatory evidence of any type that concerns or relates to any individual who has acted in any capacity as an informant, special employee, alleged co-conspirator (whether indicted or unindicted), alleged accomplice (whether indicted or unindicted), alleged aider and abettor (whether indicted or unindicted), tipster, snoop, or investigator in this case or who may be called as a witness by the Government during the trial of this case. This request specifically includes, but is not limited to, any charges that were the subject of any plea bargains, and/or any prosecutorial proceedings of any nature involving the aforementioned class of persons.

52. List the date, place, and the names and addresses of all persons present when any informer, special employee, alleged accomplice (whether indicted or unindicted), alleged co-conspirator (whether indicted or unindicted), alleged aider and abettor (whether indicted or unindicted), tipster, snoop, or individual acting in an undercover capacity who has been involved in any capacity in the investigation or preparation of this case or who may be called as a witness by the Government during any phase of the trial of this case has given sworn testimony (whether during a trial or during pre-trial proceedings) or has given a sworn statement of any type. These sworn statements include, but are not limited to, affidavits, tax returns, firearms, records, and loan applications.

53. In addition to all of the items specifically mentioned and listed herein, the Defendants request that the Government furnish to the Defendants' attorney(s) any and all evidence of whatever type and kind that is within its possession, custody or control, or the existence of which is known or through the exercise of due diligence could become known to it, that may be materially favorable to the Defendants, either directly, indirectly or in an impeaching manner, within the purview of Brady, Giglio and their progeny.

This Motion for Discovery and for the Disclosure of Exculpatory Evidence is continuing in nature.

This the 19th day of February, 2014.

/s/ Wes J. Camden
Kearns Davis
N.C. State Bar No. 22014
kdavis@brookspierce.com

Wes J. Camden
N. C. State Bar No. 33190
wcamden@brookspierce.com

Brooks, Pierce, McLendon,
Humphrey, & Leonard, L.L.P.
P. O. Box 26000
Greensboro, NC 27420-6000
(336) 373-8850
Fax: (336) 378-1001

*Counsel for Defendant Craig Stanford Eury, Jr.*

/s/ Joshua B. Howard
Joshua B. Howard
North Carolina Bar No. 26902
Gammon, Howard & Zeszotarski, PLLC
115 ½ West Morgan Street
Raleigh, NC 27601
(919) 521-5878
jhoward@ghz-law.com

*Counsel for Defendants Sarah Elizabeth Farrell and International Labor Management Corporation*

17

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all participants, including the following:

    Frank J. Chut, Jr.. Esq.

This the 19th day of February, 2014.

                                      /s/ Wes J. Camden
                                      Wes J. Camden