IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | |
| | : | |
| CRAIG STANFORD EURY, JR. | : | 1:14CR39-1 |
| HARRY LEE WICKER, JR. | : | 1:14CR39-4 |
| KENNETH W. WHITE | : | 1:14CR39-5 |

GOVERNMENT'S RESPONSE TO DEFENDANTS' MOTION TO COMPEL DISCOVERY

NOW COMES the United States of America, by and through Ripley Rand, United States Attorney for the Middle District of North Carolina, in response to the defendant's motion to compel discovery and states to the court the following:

The government has at all times since the date of the indictment herein maintained an open-file policy with respect to this case, and the government's prosecutorial file remains open for counsel of record for the defendant to examine at his convenience.

The defendant has filed the motion herein seeking access to a variety of materials for inspection and copying. The authorities governing a defendant's rights to obtain information in the government's custody and control in criminal cases and the government's obligations and reciprocal rights are Rule 16 and Rule 26.2 of the Federal Rules of Criminal Procedure, Title 18, United States Code, Section 3500 (Jencks Act), and the doctrine of Brady v. Maryland, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963).

The government will comply in all respects with the commands of Rule 16 and Rule 26.2 of the Federal Rules of Criminal Procedure, Title 18, United States Code, Section 3500 (Jencks Act), and the doctrine of Brady v. Maryland in providing discovery and inspection of evidence within its possession relevant to the prosecution and defense of this case.

The government objects to any request of the defendant for discovery and inspection of evidence not called for by the authority cited above.

This is not a case where the government has been reluctant to disclose its information to the defendant. Before trial commences, the government will have turned over to the defendant practically all the information it has on this particular case, thus putting the knowledge held by both the government and the defendant in comparative balance.

The government does reserve the right not to make a part of its open file in this case any rebuttal/impeachment evidence not otherwise required to be disclosed by Rule 16. There is no legal principle that requires the prosecution to disclose its proposed

rebuttal evidence to the defendant, to help him decide whether to pursue a particular contention.  United States v. Delia, 944 F.2d 1010, 1018 (2nd Cir. 1991).

    This the 9th day of October, 2014.

                            Respectfully submitted,

                            RIPLEY RAND
                            United States Attorney

                            /S/ FRANK J. CHUT, JR.
                            Assistant United States Attorney
                            NCSB # 17696
                            United States Attorney's Office
                            Middle District of North Carolina
                            P.O. Box 1858
                            Greensboro, NC  27402
                            Phone:  336/333-5351

CERTIFICATE OF SERVICE

I hereby certify that on October 9, 2014, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system and I will send notification of such filing to the following:

Kearns Davis, Esq.
Wade Smith, Esq.
Lisa Costner, Esq.

/S/ FRANK J. CHUT, JR.
Assistant United States Attorney
NCSB #17696
United States Attorney's Office
Middle District of North Carolina
P.O. Box 1858
Greensboro, NC  27402
Phone:  336/333-5351