IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Case No. 1:14-CR-39-1 |
| | ) | |
| CRAIG STANFORD EURY, JR. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT STAN EURY'S
MOTION TO STRIKE SURPLUSAGE**

Defendant Craig Stanford Eury, Jr., by and through counsel and pursuant to Federal Rule of Criminal Procedure 7(d), respectfully moves the Court to strike as surplusage certain allegations pertaining to the conduct of his former co-defendant, due to the irrelevant and prejudicial nature of those allegations.

### BACKGROUND AND PROCEDURAL HISTORY

On January 31, 2014, the federal grand jury for the Middle District of North Carolina returned an indictment (the "Original Indictment") charging Mr. Eury with one count of violating 8 U.S.C. § 1324(a)(1)(A)(v)(I) (Conspiracy to Bring in and Harbor Certain Aliens) and 18 U.S.C. §§ 371 (Conspiracy to Commit Offense or to Defraud United States). The "OVERT ACTS" section of Count One in the Original Indictment identified two instances in which Mr. Eury allegedly submitted false information to the United States in order to obtain visas for one client of International Labor Management

Corporation, Inc. ("ILMC"), as well as Mr. Eury's requests for nine capital disbursements from ILMC from November 2009 to October 2012.

The Original Indictment also alleged that Mr. Eury's former co-defendants—Sarah Farrell ("Farrell") and International Labor Management Corporation ("ILMC")—committed the offenses listed in Count One. The "OVERT ACTS" section of Count One identified thirty-one separate acts undertaken by Farrell and ILMC in support of the conspiracy.

Notably, there is no overlap between the overt acts allegedly committed by the defendants. On the contrary, where Mr. Eury's name appears in the allegation of an overt act, Ms. Farrell's is absent, and *vice versa*. The Original Indictment also contained forty counts alleging that Farrell and ILMC violated, at various times, 8 U.S.C. § 1324 ("Bringing in and harboring certain aliens"), 18 U.S.C. § 1546(a) ("Fraud and misuse of Visas, permits, and other documents"), and 18 U.S.C. § 1957 ("Engaging in monetary transactions in property derived from specified unlawful activity"). These additional counts also were identified in the "OBJECTS OF THE CONSPIRACY" section of Count One, and appeared to correlate to the thirty-one overt acts alleged in that Count. Mr. Eury was not alleged to have participated in the conduct described in Counts Two through Forty-One of the Original Indictment.

On July 31, 2014, Sarah Farrell entered a guilty plea to a criminal information alleging two misdemeanor counts of violating 8 U.S.C. § 1324a. That same day, ILMC entered a guilty plea to Counts Two through Forty-One of the Original Indictment.

On August 26, 2014, the grand jury returned a Superseding Indictment against Mr. Eury. The first Superseding Indictment contained the same two conspiracies charged in Count One of the Original Indictment. It also added two overt acts to Count One, alleging that on January 29, 2007, Mr. Eury submitted two additional documents to the United States in connection with securing guest worker visas for an ILMC client. Otherwise, Count One was largely unaltered by the first Superseding Indictment, notwithstanding the fact that Farrell and ILMC—whose conduct constituted the bulk of the allegations therein—were no longer defendants in this matter.[1] The first Superseding Indictment also alleged nine substantive counts of violating 18 U.S.C. § 1957, based on some capital distributions that were described as an overt act in Count One. However, the first Superseding Indictment did *not* contain any of the 40 substantive counts related to immigration fraud, visa fraud, or the money-laundering transaction alleged in the Original Indictment.

Finally, on September 30, 2014, the grand jury returned a Second Superseding Indictment against Mr. Eury. In addition to charging the same conspiracies alleged in the Original Indictment and the First Superseding Indictment, Count One of the Second Superseding Indictment added yet another alleged conspiracy—a conspiracy to commit mail fraud, wire fraud, and money laundering through Mr. Eury's ownership of another, unrelated company, Application Services and Administrative Program, LLC ("ASAP").

---

[1] Curiously, paragraph 61 of the Second Superseding Indictment adds an additional overt act related solely to the conduct of Farrell, who is no longer a defendant.

The Second Superseding Indictment also added two new defendants, neither of whom are alleged to have participated in the ILMC-related conspiracies.[2]

**ARGUMENT**

The Second Superseding Indictment contains several paragraphs' worth of allegations that are irrelevant, unnecessary, inflammatory, and/or arguments of law rather than allegations of fact. Under Federal Rule of Criminal Procedure 7(c) an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). Unnecessary and prejudicial allegations are mere surplusage. As the Fourth Circuit has previously stated:

> The purpose of Rule 7(d) is to protect a defendant against prejudicial allegations that are neither relevant nor material to the charges made in an indictment, 1 Wright, FEDERAL PRACTICE AND PROCEDURE, § 127 at 277, or not essential to the charge, United States v. Kemper, 503 F.2d 327, 329 (6th Cir. 1974), *cert. den.*, 419 U.S. 1124, 95 S. Ct. 810, 42 L.Ed.2d 824, or unnecessary, or inflammatory, Dranow v. United States, 307 F.2d 545, 558 (8th Cir. 1962). A Rule 7(d) motion is addressed to the discretion of the district court, Kemper at p. 329, Dranow at p. 558; 1 Wright, FEDERAL PRACTICE AND PROCEDURE, § 127 at 277–78.

United States v. Poore, 594 F.2d 39, 41 (4th Cir. 1979) (internal references omitted).

---

[2] For the reasons detailed in Mr. Eury's Motion to Dismiss, Count One of the Second Superseding Indictment is duplicitous, in that it charges a conspiracy to violate 8 U.S.C. § 1324(a)(1)(A)(iv), *and* a conspiracy to violate both the "offense" and "defraud" provisions of 18 U.S.C. § 371, *and* a conspiracy to commit mail and wire fraud in violation of 18 U.S.C. §§ 1341, 1343, *and* two separate conspiracies to commit money laundering—one related to the ILMC immigration fraud and one related to the ASAP recruiting-fee fraud.

4

1. *Paragraphs Eleven through Twenty-Two of Count One are Unnecessary, Immaterial, Irrelevant, and Likely to Confuse or Mislead the Jury as to the Applicable Law.*

The allegations contained in paragraphs 23 through 34 of Count One should be stricken because they serve no function, invade the province of the Court, and can only confuse the jury. The Court, not the government, is responsible for advising the jury of the applicable law. The government's recitation of particular provisions of "The H-2A and H-2B Visa Process" is wholly unnecessary and can only serve to improperly influence the jury. Moreover, it is not necessary for the jury to make any factual findings related to the legal issues described in these paragraphs. Accordingly, paragraphs 23 through 34 of Count One should be stricken.

2. *The Allegations in the Indictment Regarding the Conduct of "S.E.F." and other unnamed "employees of ILMC" are Untethered from the Alleged Conduct of Mr. Eury and Only Serve to Inflame and Unfairly Prejudice the Jury.*

Among other things, Count One of the Indictment alleges a conspiracy to defraud the United States and a conspiracy to commit an offense against the United States, both in violation of 18 U.S.C. § 371. It also charges a conspiracy to encourage or induce aliens to enter the United States in violation of 8 U.S.C. § 1324(a)(1)(A)(v)(I). These charges all relate to an alleged scheme to circumvent the immigration laws of the United States.

Paragraphs 71-107 and 111 of Count One allege discrete overt acts taken to accomplish the goals of the alleged immigration fraud conspiracies. Of the thirty-seven overt acts identified in the Second Superseding Indictment, Mr. Eury is alleged to have

5

committed or participated in only five. The rest of the conduct identified in paragraphs 71-107 and 111 is attributed to Mr. Eury's former codefendant, Sarah Farrell, and the employees of his former company, ILMC.

In the absence of an allegation regarding Mr. Eury's knowledge of or participation in Ms. Farrell's conduct—and there is no such allegation—all of the allegations pertaining to Ms. Farrell's overt acts are legally and logically irrelevant to the question of Mr. Eury's guilt of the immigration fraud scheme alleged in Count One. Whether *Ms. Farrell* counseled ILMC clients on how to avoid the H-2B Visa cap (Indictment ¶ 54), or submitted false I-129 forms to authorities (Indictment ¶¶ 56, 58, 60, 61), or did any other overt act alleged in Count One is not material to whether *Mr. Eury* willingly conspired to defraud the United States government, to commit an offense against the United States, or encourage aliens to unlawfully enter the United States. At bottom, the Second Superseding Indictment does not allege a sufficient legal or factual nexus between Mr. Eury and Ms. Farrell's unilateral overt acts, so Ms. Farrell's acts are not relevant to establish Mr. Eury's guilt on the conspiracy charges.

The allegations regarding Ms. Farrell's conduct are also unfairly prejudicial to Mr. Eury, and therefore should be stricken from the Indictment and from the jury's consideration. For one, the substantial volume of alleged conduct by Ms. Farrell stands in stark contrast to the comparatively thin case against Mr. Eury. Just five of the thirty-seven overt acts involve Mr. Eury, and one of them simply involves him receiving distributions of profits from the business he owned. The situation presented is analogous

6

Case 1:14-cr-00039-JAB   Document 64   Filed 01/19/15   Page 6 of 9

to a joint trial in which the government's primary case and the bulk of its evidence is directed towards an absent codefendant, a situation that frequently warrants special intervention from the trial court to ensure the integrity of the trial for the minor-participant defendant. *United States v. Tarango*, 396 F.3d 666, 674 (5th Cir. 2005).

In *Tarango*, the United States Court of Appeals for the Fifth Circuit ordered a new trial where the "Government's case was fully centered upon" an "essentially 'empty chair.'" 396 F.3d 666, 674. The case focused almost exclusively on Tarango's co-defendant, who was tried *in absentia*, while demonstrably less evidence was presented to show that Tarango specifically intended to aid and abet her co-defendant's conspiracy to defraud federal healthcare programs. The "clear prejudice" to Tarango compelled the appellate court to order a new trial.

Similarly, in *United States v. Davidson*, the Sixth Circuit held that, due to the government's introduction of evidence that was probative as it pertained to an absent co-defendant, but inadmissible and prejudicial as to the defendant who remained present throughout the trial, a new trial was warranted. 936 F.2d 856, 861 (6th Cir. 1991); *see also United States v. Stratton*, 649 F.2d 1066, 1083 (5th Cir. 1981) (noting that, in some instances, the absence of a co-conspirator can be prejudicial). These appellate cases demonstrate heightened judicial concern for a minor participant in an alleged conspiracy who is dragged through the same trial as a major participant.

The same principles that warranted a new trial in *Tarango* counsel in favor of striking the allegations of Ms. Farrell's unilateral misconduct. If the government is

allowed to proceed pursuant to the current Indictment, focused as it is upon Ms. Farrell's conduct, the same "clear prejudice" that the Fifth Circuit identified in *Tarango* inevitably will be injected into the trial and harm Mr. Eury. Just five of the thirty-seven overt acts at issue refer to Mr. Eury, and there is no indication that Mr. Eury willingly took part in Ms. Farrell's alleged misconduct outlined in the rest of Count One. To properly focus the government's case on Mr. Eury, and redirect this case away from an "essentially 'empty chair,'" *Tarango*, 396 F.3d at 674, the Court should strike from the Second Superseding Indictment the overt acts that are solely attributable to Ms. Farrell.

WHEREFORE, Defendant Stan Eury respectfully requests that the Court grant this Motion to Strike and order that the allegations in paragraphs 23-34, and 75-107, of the Second Superseding Indictment be stricken and an amended indictment be filed.

This the 19th day of January, 2015.

/s/ Kearns Davis
Kearns Davis
N.C. State Bar No. 22014
kdavis@brookspierce.com

/s/ Wes J. Camden
Wes J. Camden
N. C. State Bar No. 33190
wcamden@brookspierce.com

Brooks, Pierce, McLendon,
 Humphrey, & Leonard, L.L.P.
P. O. Box 26000
Greensboro, NC 27420-6000
(336) 373-8850
Fax: (336) 378-1001

*Counsel for Defendant Craig Stanford Eury, Jr.*

## **CERTIFICATE OF SERVICE**

I hereby certify that, on the date below, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

    Frank Chut, Esq.

    Wade M. Smith, Esq.

    Melissa Hill, Esq.

    Lisa S. Costner, Esq.

This the 19th day of January, 2015.

                                           /s/ Wes J. Camden
                                           Wes J. Camden