IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| v. | ) | | |
| | ) | | |
| CRAIG STANFORD EURY, JR., | ) | Case Nos. | 1:14-CR-39-1 |
| HARRY LEE WICKER, JR., and | ) | | 1:14-CR-39-4 |
| KENNETH W. WHITE, | ) | | 1:14-CR-39-5 |
| | ) | | |
| Defendants. | ) | | |

## DEFENDANTS' MOTION FOR TRANSCRIPT OF GRAND JURY CHARGING STATEMENT

Defendants Craig Stanford Eury, Jr., Harry Lee Wicker, Jr., and Kenneth W. White, through counsel and pursuant to Fed. R. Crim. P. 6(e)(3)(C)(ii), respectfully request that the Court order the government to disclose certain matters occurring before the grand jury. As more fully detailed in Defendants' Motion to Dismiss Count One of the Indictment, grounds exist to dismiss the Indictment because of matters occurring before the grand jury. It follows that disclosure of grand jury material requested herein is proper.

### BACKGROUND

On September 30, 2014, the government returned an eighty-seven count Second Superseding Indictment charging Defendants with numerous violations of federal law ("Indictment"). Count One of the Indictment is a strained attempt to transform several unrelated substantive offenses (those charged in Counts Two through Eighty-Seven) into a single overarching conspiracy. The hopelessly convoluted nature of Count One—

which, in a single count, charges substantive violations of two distinct federal conspiracy statutes and alleges multiple unrelated conspiracies—could not possibly have been the product of a properly instructed grand jury. In support of their pending motion to dismiss, Defendants respectfully request disclosure of the grand jury charging statement and any colloquies between the government attorneys and the grand jurors regarding the law governing Count One.

### ARGUMENT

"Grand jury testimony may be disclosed to a defendant 'upon a showing that grounds may exist for a motion to dismiss the indictment because of matters occurring before the grand jury.'" *United States v. Sneed*, 54 Fed. Appx. 375, 377 (4th Cir. 2002) (quoting Fed. R. Crim. P. 6(e)(3)(C)(ii)). It has generally been the practice in federal courts to order disclosure of grand jury material only when the defendant has been able to demonstrate a "particularized need." *Dennis v. United States*, 384 U.S. 855 (1966); *Pittsburgh Plate Glass Co. v. United States*, 360 U.S. 395 (1959); *United States v. Procter & Gamble*, 356 U.S. 677 (1958); *United States v. McGowan*, 423 F.2d 413 (4th Cir. 1970). The decision as to whether disclose grand jury material ultimately resides in the discretion of the trial court. *Pittsburgh Plate Co. v. United States*, 360 U.S. 395 (1959). The court's task is to balance the request against the purposes for grand jury secrecy, which include:

> (1) to prevent the escape of a person against whom indictment may be sought;
>
> (2) to insure that the grand jury has freedom of deliberation;

2

(3) to prevent subornation of perjury or tampering with witnesses who may later appear at trial;

(4) to encourage full disclosure by witnesses; and

(5) to protect the innocent accused from publication of the fact that they have been under investigation.

*In re Grand Jury Subpoena (Under Seal)*, 920 F.2d 235, 242 (4th Cir. Md. 1990).

Defendants respectfully contend that, through their Motion to Dismiss Count One of the Indictment, they have shown that the grand jury was necessarily instructed improperly as to the substantive law governing the crime charged in Count One. Only an improperly instructed grand jury could have returned an indictment, such as the present one, that charges multiple crimes in a single count and violations of multiple federal conspiracy statutes in a single count. Disclosure of both the charging statement provided by government attorney to the grand jury and any colloquies between the government attorneys and the grand jurors would bolster the contentions Defendants have raised in their motion to dismiss, and would demonstrate to the Court that Count One is hopelessly duplicitous and prejudicial to Defendants' rights.

Moreover, the justifications for initially sealing the grand jury transcript have receded. Defendants have all been arraigned and released on conditions, based on a finding that they do not pose a flight risk. With the return of the Indictment, the investigation of this matter appears complete, and disclosure will not in any way hinder the grand jury's freedom of deliberation. There is no indication that obstruction of justice or subornation of perjury are legitimate concerns in this case. And, finally, the matter has

3

already received substantial publicity, so continued suppression of matters occurring before the grand jury will not advance the final purpose underlying Rule 6's secrecy restrictions. Put simply, none of the purposes for maintaining grand jury secrecy articulated by the Fourth Circuit are present in this matter.[1]

## CONCLUSION

As set forth herein and in Defendants' Motion To Dismiss Count One of the Indictment, grounds exists to dismiss the Indictment based on matters that occurred before the grand jury—specifically, the manner in which the grand jury was instructed as to Count One. Therefore, to facilitate a correct resolution of the Motion to Dismiss, Defendants' counsel should be provided copies of the grand jury charging statement and any colloquies between the government attorneys and the grand jurors regarding the law that governs Count One.

---

[1] Pursuant to LCrR 16.1, counsel has fully reviewed the government's case file before bringing this motion. It is worth noting, with appreciation, that the government has gone above and beyond its discovery obligations to provide counsel for each defendant with a copy of the transcript of the grand jury testimony of each of several witnesses, though the government has respectfully declined the defendant's request for the materials sought in this motion.

Respectfully submitted, this the 21st day of January, 2015.

| | | |
|---|---|---|
| /s/ Kearns Davis<br>Kearns Davis<br>N.C. State Bar No. 22014<br>kdavis@brookspierce.com | /s/ Wade Smith<br>Wade M. Smith<br>N.C. State Bar No. 4075<br>wsmith@tharringtonsmith.com | /s/ Lisa S. Costner<br>Lisa S. Costner<br>N.C. State Bar No.14308<br>costner1@triad.rr.com |
| /s/ Wes J. Camden<br>Wes J. Camden<br>N. C. State Bar No. 33190<br>wcamden@brookspierce.com | Melissa Hill<br>N. C. State Bar No. 14130<br>mhill@ tharringtonsmith.com | |
| Brooks, Pierce, McLendon, Humphrey, & Leonard, L.L.P.<br>P. O. Box 26000<br>Greensboro, NC 27420-6000<br>(336) 373-8850<br>Fax: (336) 378-1001 | Tharrington Smith, LLP<br>150 Fayetteville Street<br>Suite 1800<br>Raleigh, North Carolina 27602<br>(919) 821-4711<br>Fax: (919) 829-1583 | Lisa S. Costner, PA<br>407 Summit St.<br>Winston-Salem, NC 27101<br>(336) 748-1885<br>Fax: 336-722-9981 |
| *Counsel for Defendant Craig Stanford Eury, Jr.* | *Counsel for Defendant Harry Lee Wicker, Jr.* | *Counsel for Defendant Kenneth W. White* |

5

Case 1:14-cr-00039-JAB   Document 65   Filed 01/21/15   Page 5 of 6

## CERTIFICATE OF SERVICE

I hereby certify that, on the date below, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

    Frank Chut, Esq.

This the 21st day of January, 2015.

    /s/ Wes J. Camden
    Wes J. Camden