IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | 1:14CR39-1 |
| | : | |
| CRAIG STANFORD EURY, JR. | : | |

<u>RESPONSE TO DEFENDANT EURY'S MOTION TO STRIKE SURPLUSAGE</u>

NOW COMES the United States of America, by and through Ripley Rand, United States Attorney for the Middle District of North Carolina, in response to Defendant Craig Stanford Eury, Jr.'s ("Eury") Motion to Strike Surplusage as follows:

<u>Legal Standard</u>

Pursuant to Federal Rule of Criminal Procedure 7(c) an indictment is required to be a "plain, concise, definite written statement of the essential facts consisting of the offenses charged." Fed. R. Crim. P. 7(c)(1). Rule 7(d) of the Federal Rules of Criminal Procedure allows a defendant to move to strike surplusage from an indictment. Fed. R. Crim. P. Rule 7(d). The purpose of Rule 7(d) is to protect a defendant from prejudicial allegations that are irrelevant or not material to the charges in the indictment. <u>United States V. Poore</u>, 594 F.2d 39, 41 (4th Cir. 1979). A motion to strike surplusage should only be granted if "it is clear that the allegations are not relevant to

the charge and are inflammatory and prejudicial." United States v. Williams, 445 F.3d 724, 733. (4th Cir. 2006). Information that is prejudicial, but relevant to the charges in the indictment must be left for a conviction to stand. Id. Further, allegations that are irrelevant but not prejudicial may be left undisturbed. Id. A motion to strike surplusage is left to the discretion of the district court. Poore, 594 F.2d at 41.

DISCUSSION

Defendant Eury requests that this Court strike groups of allegations in the indictment in this case. First, he asks the Court to strike paragraphs 23-34 of Count One of the Indictment which set forth a brief outline of the H-2A and H-2B visa process. Second, he desires that paragraphs 75-107 of Count One be struck claiming that they are "untethered" from his conduct. In both instances the Motion should be denied.

First, Paragraphs 23-34 provide an overview of the process by which H-2A and H-2B temporary work visas are applied for and issued by the United States. This information is both relevant to the Indictment and non-prejudicial. All of the fraud charged in the indictment is related to and grows out of abuse of the H-2A and H-2B process. Background information as to the process is therefore extremely relevant to the Indictment. Further, this information is neutral in itself and is not prejudicial to

2

Eury. Nor does Eury provide any support for his claim that these paragraphs will "improperly influence the jury." The Court should allow paragraphs 23-34 to remain.

Likewise, paragraphs 75-107 should also remain. These paragraphs are all overt acts of the conspiracy charged in Count One. Each involves the acts of co-conspirator S.E.F. and employees of International Labor Management Corporation (ILMC) in support of the conspiracy. Eury finds these allegations to be prejudicial and irrelevant as, he claims, they are "untethered" from him.

However, the acts charged in paragraphs 75-107 are anything but untethered from Eury. First, Count One of the Indictment alleges that he owned and founded ILMC. (Paragraph 3). Paragraph 4 of Count One alleges that he "exercised control over the management and finances of ILMC" in the relevant time period. Paragraph 6 alleges that S.E.F., prior to becoming president of ILMC, worked under the direction of Eury. Paragraphs 40-69 of Count One lay out the manners and means of the conspiracy and make numerous allegations as to Eury's role in the conspiracy. Paragraphs 70-74 allege overt acts of Eury to further the conspiracy. Paragraph 111 of Count One alleges that Eury disbursed $1.2 million of the proceeds from the conspiracy to himself.

Paragraphs 75-107 simply allege the actions of employees of his company, in furtherance of a conspiracy in which he as a conspirator. Of course it is not required that each co-conspirator take part in all of its activities. <u>United States v. Bollin</u>, 264 F.3d 391, 405-06 (4th Cir. 2001). Eury's claim that these paragraphs are "legally and logically irrelevant to the question of Mr. Eury's guilt" is wrong. These overt acts of his employees and the president of his company, whom he trained, are directly relevant to his guilt. The Indictment clearly charges that Eury founded ILMC and engaged in fraudulent practices while president himself. The Indictment provides a strong nexus between the overt acts in counts 75-107 and Eury's role in the conspiracy. Further, he reaped the profit of the actions of his employees. These paragraphs are relevant and should remain.

Defendant Eury's argument is also based on his casting of himself as a minor participant in the conspiracy. This argument will run contrary to the evidence that the United States intends to produce at trial establishing that Eury founded ILMC, ran its operations for years, trained his daughter S.E.F. to run the daily operations of ILMC and remained the prime beneficiary of the corporation's fraudulent practices. Eury's attempts to

claim a minor role in the conspiracy will run into the wall of the evidence at trial.

CONCLUSION

For the reasons stated above, the United States respectfully requests that the Motion be denied.

This the 12th day of February, 2015.

Respectfully submitted,

RIPLEY RAND
United States Attorney

/S/ FRANK J. CHUT, JR.
Assistant United States Attorney
NCSB # 17696
United States Attorney's Office
Middle District of North Carolina
P.O. Box 1858
Greensboro, NC  27402
Phone:  336/333-5351

CERTIFICATE OF SERVICE

I hereby certify that on February 12, 2015, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system and I will send notification of such filing to the following:

Kearns Davis, Esq.

/S/ FRANK J. CHUT, JR.
Assistant United States Attorney
NCSB #17696
United States Attorney's Office
Middle District of North Carolina
P.O. Box 1858
Greensboro, NC  27402
Phone:  336/333-5351