IN THE UNITED STATES DSITRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | |
| | : | |
| CRAIG STANFORD EURY, JR. | : | 1:14CR39-1 |
| HARRY LEE WICKER, JR. | : | 1:14CR39-4 |
| KENNETH W. WHITE | : | 1:14CR39-5 |

RESPONSE TO DEFENDANTS' MOTION FOR GRAND JURY CHARGING STATEMENT

NOW COMES the United States of America, by and through Ripley Rand, United States Attorney for the Middle District of North Carolina, and responds to the Defendants' Motion for Grand Jury Charging Statement (the "Motion"). The Motion seeks to breach the heavy wall of grand jury secrecy for the stated reason of "bolstering" the Defendants' separate motion to dismiss Count One of the Indictment in this case on grounds of duplicity and misjoinder. The Motion should be denied by this Court as not being proper under Rule 6 of the Federal Rules of Criminal Procedure. Further, even if the Motion was properly filed, the Defendants fail to meet their heavy burden of showing a particularized need for the material that transcends a speculative hope of finding useful material by plumbing the inner workings of the grand jury.

LEGAL STANDARD

The secrecy of federal grand jury proceedings must not be broken except where there is a compelling necessity. United States v. Proctor & Gamble Co., 356 U.S. 677, 682 (1958). In this regard Rule 6 of the Federal Rules of Criminal Procedure provides that the trial court may authorize disclosure of a grand jury matter at the request of "a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the Grand Jury." Fed. R. Crim. P. 6(e)(3)(E)(ii). A party seeking disclosure must show that the material is needed to avoid injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that the request is designed to cover only necessary material. Douglas Oil Co. of Cal. v. Petrol Stops N.W., 441 U.S. 211, 222 (1979).

The defendant seeking grand jury materials pursuant to Rule 6 must make a strong showing of a "particularized need" for the request. Proctor & Gamble Co., 356 U.S. at 682-83; United States v. Warren, 747 F.2d 1339, 1347 (10th Cir. 1984). General or unsubstantiated allegations are not adequate to meet the moving defendant's burden of showing "particularized need." United States v. Cole, 755 F.2d 748, 758-59 (11th Cir. 1985). Defendant bears the burden of showing "substantial likelihood of gross or prejudicial irregularities in the conduct of the grand

2

jury." United States v. Budzonoski, 462 F.2d 443, 454 (3rd Cir. 1972); see also United States v. Hardy, 762 F. Supp. 1403, 1414 (D. Haw. 1991).

Nor does a defendant meet his burden by an allegation that the grand jury material is necessary to prepare a motion to dismiss. United States v.Burke, 856 F.2d 1492, 1496 (11th Cir. 1988). "No grand jury material is to be released for the purpose of a fishing expedition or to satisfy an unsupported hope of revelation of useful information." United States ex rel. Stone v. Rockwell Int'l Corp., 173 F.3d 757, 760 (10th Cir. 1999). Rule 6(e)(3)(E)(ii) is not an invitation to engage in a search for grand jury wrongdoing and abuse when there are no grounds to believe that wrongdoing or abuse have occurred. United States v. Loc Tien Nguyen, 314 F. Supp. 2d 612, 616 (E.D. Va. 2004).

DISCUSSION

1. The Motion Does Not Show That Grounds May Exist To Dismiss The Indictment Due To A Matter Before The Grand Jury.

As noted above, Rule 6(e)(3)(E)(ii) allows the district court to authorize disclosure of a grand jury matter at the request of "a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the Grand Jury." "Rule 6 does not itself define when an indictment may be dismissed due to a matter that occurred before

3

the grand jury. But these circumstances are very rare." <u>In Re United States of America</u>, 441 F.3d 44, 60 (1st Cir. 2006). This case is not one of those very rare circumstances.

The Defendants' Motion fails because it does not meet the criteria of showing that a ground may exist to dismiss the indictment "because of a matter that occurred before the Grand Jury." The Defendants' attempt to meet this burden by reliance on their separately filed Motion to Dismiss Count One due to duplicity and misjoinder. (DE #63). Duplicity and misjoinder are pleading issues dealing with the face of the written indictment, not allegations of abuse before the grand jury. <u>United States v. Robinson</u>, 651 F.2d 1188, 1194 (6th Cir. 1981) (duplicity is pleading rule). The Motion to dismiss Count One does not allege grand jury abuse or even that Count One insufficiently alleges the elements of conspiracy. Instead, the Motion only alleges that Count One alleges two separate conspiracies and is misjoined. Further, the normal remedy for duplicity is a corrective jury instruction or specialized verdict sheet as discussed at length in the response filed by the United States to the Defendants' Motion to Dismiss Count One. Defendants do not raise a ground that may exist to dismiss "because of a matter before the grand jury" by simply denominating their motion a "motion to dismiss."

4

To allow the Defendants to proceed under Rule 6(e)(3)(E)(ii) on the basis of their Motion to Dismiss Count One would open the door of the grand jury room to any defendant filing a motion challenging the manner in which an indictment is framed on its face. Clearly, garden variety duplicity and misjoinder motions are not within the "very rare" cases of matters occurring before grand jury that justify release of grand jury material. The defendants have failed to show the court that a ground may exist to dismiss the indictment "because of a matter that occurred before the Grand Jury." The Motion should be denied.

2. <u>The Defendants' conclusory and speculative allegations that the grand jury was mischarged are not adequate to allow release of grand jury material.</u>

Further, the Defendants' rational for their request to receive the charging statement and "any colloquies between the government attorneys and the grand jurors" is so speculative that it does not meet the criteria for a "particularized need." On Page 3 of the Motion, Defendants argue that their Motion to Dismiss Count One shows that the grand jury was "necessarily" instructed improperly as to the law in regard to Count One. Since the Defendants conclude that Count One is duplicitous, they further reason that the jury must therefore have been instructed improperly. There are several problems with this logic.

5

First, it is not a foregone conclusion that Count One is marred by duplicity and misjoinder. In its separate response to the Defendants' motion to dismiss Count One the United States sets forth in length why Count One is not duplicitous. Logically, if the Defendants' claim that Count One is duplicitous fails then the logic of their claim of a mis-instruction of the grand jury fails as well.

Second, as noted above, Defendants' Motion to Dismiss does not attack Count One on the grounds that the count improperly charges the elements of conspiracy. Instead the Motion to Dismiss only argues that Count One is set forth to include two separate conspiracies. Nothing in the Motion to Dismiss suggests that the jury was improperly charged as to the law of conspiracy. This is particularly true as the issue of whether a single conspiracy or multiple conspiracies exist is a question of fact normally reserved for the trial jury. <u>United States v. Leavis</u>, 853 F.2d 215, 218 (4th Cir. 1988). Therefore, even if the defendants were correct in their contention that Count One is duplicitous this does not lead to the conclusion that the grand jury was mischarged. The Defendants' rationale in claiming that the jury was mischarged is simply an unsubstantiated allegation that does not merit breach of grand jury secrecy.

6

3. <u>The Defendants' need to bolster their contentions in their motion to dismiss is not an adequate reason to release grand jury materials.</u>

The Defendants admit in page 3 of the Motion that disclosure of the charging statement and any colloquies "would bolster the contentions that the defendants have raised in the motion to dismiss …." Again, this amounts to less of a reason for disclosure than an unsubstantiated hope that something useful will turn up to help their cause as to the Motion to Dismiss. Defendants give no factual support to their contention that examination of the charging statement and colloquies will "bolster" the Motion to Dismiss. Of course, grand jury material is not to be released to satisfy an unsupported hope of discovery of useful material. <u>Rockwell Int'l Corp.</u>, 173 F.3d at 760.

The Defendants are very frank in admitting that they hope that the grand jury materials in question will support them in presenting their Motion to Dismiss. However, particularized need for grand jury materials is not satisfied by general allegations that the materials are necessary for preparation of a motion to dismiss. <u>Burke</u>, 856 F.2d at 1496. Likewise, the Defendants here only offer generalized allegations that the hoped for materials will help them in the hearing on their motion to dismiss. This is not grounds to allow revelation of the grand jury material.

7

4. <u>The information necessary to decide the Motion to Dismiss is already in the defendants' possession.</u>

The Defendants also have all the grand jury material necessary to adjudicate the Motion to Dismiss. As is noted above, the issue of whether an indictment charges one or more conspiracies is a question of fact. <u>Leavis</u>, 853 F.2d at 218. As the Defendants admit in the Motion, the United States has turned over the transcripts of the fact witnesses who testified before the grand jury. The defendants have no need to launch a fishing expedition into the inner workings of the grand jury. They already have the factual material, along with the indictment itself to adjudicate the Motion.

## CONCLUSION

For the reasons stated above, the Defendants' Motion should be denied. Defendants Motion is simply an excuse to look for wrongdoing in the grand jury where no such wrongdoing exists.

This the 12th day of February, 2015.

Respectfully submitted,

RIPLEY RAND
UNITED STATES ATTORNEY


/S/ FRANK J. CHUT, JR.
Assistant United States Attorney
NCSB #17696
United States Attorney's Office
Middle District of North Carolina
101 South Edgeworth St., 4th Floor
Greensboro, NC  27401
Phone:  (336)333-5351
E-mail:  frank.chut@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on February 12, 2015, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Kearns Davis, Esquire,
Wes J. Camden, Esquire,
Wade Marvin Smith, Esquire,
Melissa Hill, Esquire, and
Lisa S. Costner, Esquire.

/S/ FRANK J. CHUT, JR.
Assistant United States Attorney
NCSB #17696
United States Attorney's Office
Middle District of North Carolina
101 South Edgeworth St., 4th Floor
Greensboro, NC  27401
Phone:  (336)333-5351
E-mail:  frank.chut@usdoj.gov